# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM P. LEGER, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:15-CV-0080-SMY-RJD |
| THOMAS A. SPILLER, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Pending before the Court are the motions *in limine* filed by Plaintiff (Doc. 89), Defendant Karen Jamiet[1] (Doc. 85) and Defendant Vipin Shah (Doc. 87). The Court heard argument from the parties and made the rulings below on the record during the final pretrial conference on November 8, 2017.

The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996).

---

[1] Defendant Jamiet is the current warden of Pinckneyville Correctional Center. She has been substituted in her official capacity for Thomas Spiller, the former warden of Pinckneyville Correctional Center.

Motions *in limine* also may save the parties time, effort, and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc*., 932 F. Supp. 220, 222 (N.D. Ill. 1996). Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.

A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. The Court should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Jonasson,* 115 F.3d at 440.

With these principles in mind, the Court rules as follows.

**Plaintiffs' Motion *in Limine*:**

- Plaintiff's Motion *in limine* No. 1 – Plaintiff seeks to bar any reference to the existence or filing of this motion, or to the fact that Plaintiff has sought to exclude evidence, or to any ruling on the motion by the Court. Defendants do not object to this motion. The motion is accordingly GRANTED.

- Plaintiff's Motion *in limine* No. 2—Plaintiff moves to bar any speculation or argument about the substance of the testimony of any witness who is absent or unavailable, or whom Plaintiff did not call to testify. The motion is GRANTED as to any argument inviting the jury to draw an adverse inference from the absence of any particular witness testimony or exhibit unless it is demonstrated that that exhibit or witness was not equally available to the party making that argument.

- Plaintiff's Motion *in limine* No. 3—Plaintiff moves to bar any argument in closing statement that Plaintiff has asked for a greater amount of money than Plaintiff actually expects to be awarded. Defendants do not object to this motion. The motion is accordingly GRANTED.

- Plaintiff's Motion *in limine* No. 4—Plaintiff moves to bar any reference, introduction of evidence or eliciting responses or arguments in closing statement that Plaintiff's damages should be low or nominal because of his life sentence or incarceration with the Illinois Department of Corrections. While arguments to rebut Plaintiff's assertions that he has been damaged due to an inability to engage in specific activities may be permissible, the motion is GRANTED as to any argument or assertion that his damages are limited specifically because of his life sentence.

- Plaintiff's Motion *in limine* No. 5—Plaintiff moves to bar any reference, introduction of evidence, or eliciting responses regarding Plaintiff's conviction or the crime that caused him to be an inmate in the Illinois Department of Corrections. Evidence of the fact that Plaintiff has been convicted of a felony is probative as to his credibility as a witness under FRE 609 and is therefore admissible for that purpose. However, the Court finds that details as to the crime(s) for which Plaintiff was convicted and the length of his sentence are more prejudicial than probative and are thus excludable under FRE 403. The motion is therefore DENIED as to evidence or reference to the fact that Plaintiff has been convicted of a felony.

**Defendant Jaimet's Motions *in Limine*:**

- Defendant Jaimet's Motion *in limine* No. 1 – Defendant Jaimet moves to bar Plaintiff or any non-expert witness from providing expert medical testimony regarding causation of his injuries. The motion is GRANTED. However, Plaintiff may testify regarding his symptoms, pain and functionality.

- Defendant Jaimet's Motion *in limine* No. 2 – Defendant Jaimet moves to bar any testimony from Plaintiff or any other witness as to what a non-party medical provider may have told them. The motion is GRANTED except as to statements recorded in properly admitted medical records.

- Defendant Jaimet's Motion *in limine* No. 3 – Defendant Jaimet moves to bar any evidence or testimony regarding a "golden rule" appeal. Plaintiff does not object to this motion. The motion is accordingly GRANTED.

**Defendant Shah's Motions *in Limine*:**

- Defendant Shahs' Motion *in limine* No. 1 – Defendant Shah moves to bar any statement, evidence, or testimony concerning whether he may have insurance in connection with Plaintiff's claim. Plaintiff does not object to this motion. The motion is accordingly GRANTED.

- Defendant Shahs' Motion *in limine* No. 2 – Defendant Shah moves to bar any statement, testimony, or argument about Defendants' employer, Wexford Health Sources, Inc., being a for-profit corporation or a "big" corporation or company, or "evil" or a "bad" company. The corporate status of Defendant's employer is not relevant to the proceedings. The motion is GRANTED.

- Defendant Shahs' Motion *in limine* No. 3 – Defendant Shah moves to bar any evidence or argument regarding settlement negotiations or any lack thereof in this case, or in any other cases or matters. Plaintiff does not object to this motion. The motion is accordingly GRANTED.

- Defendant Shahs' Motion *in limine* No. 4 – Defendant Shah moves to bar evidence regarding any medical treatment provided to other inmates. The Court takes this motion UNDER ADVISEMENT subject to an offer of proof at trial.

- Defendant Shahs' Motion *in limine* No. 5 – Defendant Shah moves to bar Plaintiff from testifying about statements made to him by non-party medical providers. Plaintiff has withdrawn his objection. The motion is accordingly GRANTED subject to the same exception for statements recorded in admitted medical records discussed in reference to Defendant Jaimet's Motion *in limine* No. 2.

- Defendant Shahs' Motion *in limine* No. 6 – Defendant Shah moves to bar introduction of any documents, testimony, or other evidence concerning allegations, investigations, claims, discipline, lawsuits, lawsuit settlements, "other bad acts," asserted against Defendant Shah by any other person or entity, including, but not limited to, this Plaintiff, any other inmate or patient. Such evidence is neither material nor relevant to the question of Defendant Shah's alleged deliberate indifference to Plaintiff's condition or for punitive damage purposes. The motion is GRANTED.

- Defendant Shahs' Motion *in limine* No. 7 – Defendant Shah moves to bar any offering of medical or other technical literature to the jury. Plaintiff does not object to this motion. The motion is accordingly GRANTED.

- Defendant Shahs' Motion *in limine* No. 8 – Defendant Shah moves to bar any non-health care provider from offering testimony requiring specialized knowledge, education, or training on medical subjects. The motion as drafted is vague and is generally governed by FRE 702. The motion is therefore DENIED.

- Defendant Shahs' Motion *in limine* No. 9 – Defendant Shah moves to bar any evidence of grievances, complaint, affidavits, letters, and other documents demonstrating Plaintiff's intent to commence this action and/or descriptions of the medical care at issue written by Plaintiff. The relevance and admissibility of such evidence will depend on the circumstances and purposes for which it is offered during trial. As such, the motion is DENIED subject to appropriate objection during the course of trial.

- Defendant Shahs' Motion *in limine* No. 10 – Defendant Shah moves to bar any testimony by Plaintiff that an alleged delay or denial of treatment of Plaintiff's left shoulder while he was incarcerated at Pinckneyville Correctional Center somehow injured the Plaintiff. The motion is DENIED as overbroad and vague.

- Defendant Shahs' Motion *in limine* No. 11 – Defendant Shah moves to bar evidence of any Illinois Department of Corrections or Pinckneyville Correctional Center Directives, Policies or Protocols, as well as any Wexford Policies or Protocols regarding medical treatment. Defendant Shah cites *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006) as grounds for such exclusion. *Thompson* is distinguishable, as in the instant case, evidence that Defendant Shah disregarded or otherwise failed to follow established treatment protocols or procedures is relevant to the issue of whether Dr. Shah was deliberately indifferent in his treatment of Plaintiff. The motion is DENIED.

**SO ORDERED.**
**DATED: November 9, 2017**

                                       **/s/ Staci M. Yandle**
                                       **United States District Judge**